JESSE RUSSELL v. J. S. GOLLADY.

New Trial—Misconduct of Jury—Evidence.
    Jurors are not permitted to testify as to any misconduct of them-
    selves, or their fellow-jurors, nor as to what influenced them in making
    up their verdict. It is against the policy of the law to allow such
    evidence.

October 20, 1868.

APPEAL FROM TODD CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

Henwood, who was introduced as a witness for the appellee,

proves he was engaged in the business of inspecting tobacco in the city of New York, and was a member of the firm of the house of Jarvis & Co., of said city, that the tobacco which is the subject of this litigation was taken to their business house for inspection and inspected by him, the competency of his evidence cannot be legally questioned. He also proves that after inspecting it he sent samples of the tobacco from each hogshead to the house of Cordogo & Co. to whom said hogsheads were consigned, and he identifies the tobacco, and the other witnesses testify to *facts* pertinent to the issue, and their evidence was therefore competent and without any technical or legal objection, and the exceptions to the depositions were properly overruled, and their evidence is confirmatory of his.

The jurors themselves are not permitted to testify as to any misconduct of themselves, or their fellow-jurors, nor as to what influenced them in making up their verdict. It is against the policy of the law to allow such evidence. Motions for new trials on such grounds would be vexatiously multiplied, and jury trials discredited by the affidavits of jurors presented to stullify their own verdicts. *Luttrell vs. Maysville and Lexington Railroad*, 18 B. Mon. 291. The only two grounds relied upon for reversal, are that the court erred in overruling exceptions to depositions and that the jurors or some of them did not comprehend the effect of some instruction of the court. But the instructions are not incorporated in the bill of exceptions, and this court is not informed as to them and must presume they were proper. As therefore the record presents no perceivable or available error, the judgment is affirmed.

*Kennady, Petrie, for appellant.*

*James, for appellee.*